UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAMELA KLEIN,<br><br>    Plaintiff,<br><br>vs.<br><br>SEACOAST BANKING CORPORATION OF FLORIDA,<br><br>    Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Pamela Klein ("Plaintiff"), by her undersigned attorneys, alleges the following based upon personal knowledge as to her own acts and information and belief as to all other matters, based upon the investigation conducted by and through her attorneys:

### NATURE OF THE ACTION

1. Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, lists information required to be in a proxy statement pursuant to 15 U.S.C. § 78n(a), and requires that "[i]f action is to be taken with respect to any [compensation] plan pursuant to which cash or noncash compensation may be paid or distributed" certain information must be furnished to shareholders.

2. Defendant Seacoast Banking Corporation of Florida ("Seacoast" or the "Company") furnished shareholders with a definitive proxy statement issued through the Securities and Exchange Commission's ("SEC") Electronic Data Gathering, Analysis, and Retrieval system ("EDGAR") on Schedule 14(a) on April 6, 2018 (the "Solicitation")[1] which

---

[1] The Solicitation states that "[w]e have mailed to certain shareholders a notice of internet availability of proxy materials on or about April 6, 2018. This notice contains instructions on how to access and review the proxy materials on the internet. The notice also contains instructions on how to submit your proxy on the internet or by phone, or, if you prefer, to obtain

included five shareholder proposals that required shareholder action to approve. Of those five proposals, the third proposal ("Proposal 3") seeks shareholder action, by way of a vote, to "[a]mend the Company's 2013 Incentive Plan to Increase Authorized Shares. To approve the proposed amendment to the 2013 Incentive Plan to increase the number of shares authorized to be issued under the Plan ("Proposal 3)[.]"

3. According to the Solicitation, the purpose of the Seacoast Banking Corporation of Florida 2013 Incentive Plan (the "2013 Plan") "is to promote the success, and enhance the value of the Company success by linking the personal interests of its employees, officers, and directors to those of the Company's shareholders, and by providing participants with an incentive for outstanding performance. The Plan is further intended to provide flexibility to the Company in its ability to motivate, attract, and retain the services of employees, officers, directors, consultants and advisors upon whose judgment, interest, and special effort the successful conduct of the Company's operation is largely dependent."

4. As described below, Proposal 3 does not comply with the SEC's disclosure requirements for proxy statements, codified at Item 10(a)(1) of 17 C.F.R. § 240.14a-101.

5. Because of Defendant's non-compliance with 17 C.F.R. § 240.14a-101, Plaintiff, a shareholder of the Company whose vote is solicited, brings this stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78n(a), and the rules and regulations of the SEC, to enjoin a vote by its shareholders on Proposal 3 in the Solicitation for the annual meeting of Seacoast shareholders scheduled for May 24, 2018 (including any adjournments or postponements thereof, the "Annual Meeting").

---

a paper or email copy of the proxy materials."

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7. In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8. Venue is proper in this District because, as allowed under Section 27(a) of the Exchange Act, this District is where the violation at issue in this case occurred because numerous Solicitations, including Plaintiff's, were or will be mailed to Seacoast shareholders residing in this District.

**PARTIES**

9. Plaintiff was a Seacoast shareholder as of the close of business on March 26, 2018, is entitled to notice of, and to participate in and vote at, the Annual Meeting.

10. Seacoast is a corporation organized under the laws of Florida that maintains its principal place of business at 815 Colorado Avenue, Stuart, Florida 34994. Seacoast operates as the bank holding company for Seacoast National Bank, which provides financial services to business and retail customers in Florida, offering, *inter alia*, commercial and retail banking, wealth management, and mortgage services. According to the Solicitation, "[a]s of the Record Date, 46,982,399 shares of common stock were outstanding." Seacoast's stock is trades on the NASDAQ stock exchange under the symbol "SBCF".

**Wrongful Acts and Omissions**

11. Seacoast has scheduled its annual shareholders' meeting for May 24, 2018. According to the Solicitation, Seacoast's Board of Directors (the "Board") determined that March 26, 2018 (the "Record Date") would be the record date for voting shares at the Annual Meeting.

12. Proposal 3 requests that Seacoast's shareholders vote to "approve approve an amendment to [the 2013 Plan] … to add 1,250,000 shares to the 2013 Plan."

13. The Company is seeking shareholder approval of Proposal 3, in part, because:

> Our 2013 Plan is the only plan under which equity-based compensation may currently be awarded to our executive officers and employees. As of the Record Date, there were 584,167 shares of our common stock remaining available for the grant of equity awards under the 2013 Plan. In order to enable us to continue to offer meaningful equity-based incentives, as well as cash-based incentives, to our employees, officers, directors and consultants, our board of directors believes that it is both necessary and appropriate to increase the number of shares of our common stock available for these purposes.

14. Proposal 3 does not provide the legally required information because it does not provide sufficient information for Seacoast stockholders to understand how many participants are eligible to participate in the Plan, and thus it does not comply with Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101, which requires:

> *Item 10. Compensation Plans.* If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> **(a)** *Plans subject to security holder action.*
>
> **(1)** Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

15. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 3 only tells stockholders the following about who will receive these awards:

> **Administration**
>
> The 2013 Plan will be administered by the Compensation and Governance Committee, or such other committee as may be determined by the Board (the "Committee"). The Committee will

4

>have the authority to grant awards; designate participants; determine the type or types of awards to be granted to each participant and the number, terms and conditions thereof; establish, adopt or revise any rules and regulations as it may deem advisable to administer the 2013 Plan; prescribe forms of award certificates, and make any rules, interpretations, and any and all other decisions and determinations that may be required under the 2013 Plan. The Board may at any time administer the 2013 Plan. If it does so, it will have all the powers of the Committee under the 2013 Plan.
>
>In addition, the Board or the Committee may expressly delegate to a special committee some or all of the Committee's authority, within specified parameters, to grant awards to eligible participants who, at the time of grant, are not executive officers.

16. The Solicitation omits the approximate number of persons, by class, who qualify as eligible participants under the Plan. Elsewhere, with respect to the CEO pay ratio section, the Solicitation states that the Company had "over 600 associates as of December 31, 2017, which includes all full-time employees throughout the year not including any acquired associates", but that information is four months old and does not necessarily establish the number of participants eligible to participate in the 2013 Plan or other information required by the SEC.[2]

17. As a result of the above defects, the Solicitation does not inform shareholders of how many participants may be awarded the 1,250,000 shares that Seacoast's stockholders are being asked to approve or the basis of their receipt of such awards. Thus, the Company must disclose to its shareholders, before they vote, the approximate number of persons *in each class* of persons who will be eligible to participate in the 2013 Plan, and state the basis of such participation.

---

[2] The 2013 Plan, which is available at https://www.sec.gov/Archives/edgar/data/730708/000114420413020849/v340250_def14a.htm, defines "Eligible Participant" as "an employee (including a leased employee), officer, director, consultant or advisor of the Company or any Affiliate." "Affiliate" is defined as "(i) any Subsidiary or Parent, or (ii) an entity that directly or through one or more intermediaries controls, is controlled by or is under common control with, the Company, as determined by the Committee."

5

18. This contravention of the SEC rules renders the Solicitation unlawful under § 14(a) of the Exchange Act.

19. The preceding paragraphs state a direct claim for relief against Seacoast under § 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC.

20. As a result of these actions, Plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for the issuance of 1.25 million shares worth approximately $33.5 million, to be granted to an unknown number of persons who qualify as Eligible.

21. It is necessary for the Court to take action to enjoin the vote beforehand to prevent shares from being distributed to participants based on an uninformed vote that lacks proper and informed shareholder approval because unwinding awards following the Annual Meeting would be impracticable.

22. To ameliorate injury, the Court should grant injunctive relief and stay the shareholder vote unless the Company issues a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1), and which is timely furnished to shareholders.

23. Seacoast should be enjoined from presenting Proposal 3 for a stockholder vote at the Annual Meeting or certifying or otherwise accepting any vote cast in connection with Proposal 3 unless the appropriate amendments are timely made.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor, and against Seacoast, as follows:

(A) A preliminary and permanent injunction, enjoining Seacoast from:

      i.      presenting Proposal 3 for a shareholder vote at the Annual Meeting unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

      ii.      certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Seacoast stockholder in connection with Proposal 3 in the Solicitation unless a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1) is timely furnished to shareholders;

(B)    A preliminary and permanent injunction requiring Seacoast to furnish a supplemental proxy statement that complies with 17 C.F.R. §240.14a-101, Item 10(a)(1);

(C)    A preliminary and permanent injunction enjoining Seacoast from otherwise proceeding at its Annual Meeting at the set time or at any other time, in a manner inconsistent with Item 10(a)(1);

(D)    Awarding Plaintiff reasonable attorney's fees and expenses incurred in bringing this action and in creating a benefit for all of Seacoast's shareholders to the extent that a common benefit is conferred, and;

(E)    Granting such other and further relief as this Court may deem just and proper.

Dated: April 9, 2018

                              STULL, STULL & BRODY

                              /s/ Mark Levine_____
                              Mark Levine
                              6 East 45th Street
                              New York, NY 10017
                              Phone: (212) 687-7230
                              Fax: (212) 490-2022
                              mlevine@ssbny.com

                              *Attorneys for Plaintiff*